CHARLES A. STORMONT (11490)
DAVID P. BILLINGS (11510)
**STORMONT BILLINGS, PLLC**
525 East 100 South, Suite 275B
Salt Lake City, UT  84102
Telephone: (801) 448-7085
Facsimile: (801) 606-2796
charles@stormontbillings.com
david@stormontbillings.com
*Proposed attorneys for Stove In A Can, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IN RE:<br><br>STOVE IN A CAN, LLC,<br><br>Debtor. | **CONSOLIDATED REPLY IN SUPPORT OF DEBTOR'S MOTIONS AND APPLICATIONS: (A) TO EXTEND TIME TO FILE STATEMENTS AND SCHEDULES, (B) DIRECTING TURNOVER OF PROPERTY OF THE ESTATE BY MINORITY MEMBERS, (C) TO STAY THE STATE COURT PROCEEDING, FOR AN ORDER RELEASING INVENTORY, (E) TO RETAIN COUNSEL, AND (F) TO RETAIN ACCOUNTANTS**<br><br>Bankruptcy Case No.  15-31630<br><br>Chapter 11<br>Hon. Chief Judge R. Kimball Mosier |

Stove In A Can, LLC (the **Debtor**), by and through its undersigned proposed counsel, hereby respectfully submits this consolidated reply in support of the motions and applications it filed on December 17, 2015. *See* Dockets No. 4-10. In this reply, the Debtor incorporates herein by reference its responses to factual allegations, as well as the argument and authority contained in its memorandum in opposition to the motion to dismiss this bankruptcy case filed by Boun-

1

Trucking, Inc., Robert J. Bauer, Joseph and Margie Bradbury, Lane and Chew Yuen Liau, Jerry H. Vergin, Dr. Ray P. Roa, and Thelma Calma Long (collectively the **Movants**).[1]

## ARGUMENT

### I. <u>The Application for the Employment of Professionals Should be Granted.</u>

The entire basis of Movants' objection to the Applications is that the Debtor's proposed counsel filed a motion to stay the State Court Action. *See* Docket No. 13 at 18-19. Conveniently, Movants omit that the motion was filed on behalf of the Debtor. No rationale for objecting to the employment of Jensen & Associates as the Debtor's accountant is offered other than Movants' argument that MES lacked authority to sign the petition. *See id.* at 19. For the reasons stated in the Debtor's memorandum in opposition to the Movants' motion to dismiss, MES had authority to file and therefore authority to engage accountants and counsel.

Contrary to Movants' assertions, the State Court Action provides no benefit to the estate for a few simple reasons. First, the Minority Members lack authority to bring it either directly on behalf of the Debtor or derivatively. *See* Docket No. 10-1 at 13-15. Second, the Minority Members' individual claims against Schultz and MES are subject to arbitration. *See id.* at 15-17. Third, they are seeking to embroil the Debtor is an inter-member fight over each members' alleged misconduct rather than allowing the Debtor to operate its business, to employ the Debtor's chapter 5 avoidance powers, and to reorganize its obligations and overall structure. *See* Docket No. 10.

---

[1] Two members of the Debtor besides My Emergency Store, LLC did not join this motion, namely Richard Chea and Astar Solutions, LLC. Movants also include individuals who are not members of the Debtor. Mr. and Ms. Liau are members of Astar Solutions, LLC, which is a member of the Debtor. Neither Ms. Chea nor Ms. Bradbury is a member of the Debtor but Mr. Chea and Mr. Bradbury are members. The Debtor uses the term Minority Members to refer to all non-MES members of the Debtor to avoid the confusion caused by Astar Solutions and Mr. Chea's refusal to join Movants' motion to dismiss and their failure to oppose the Debtor's motions.

It is also important to note that Schultz and MES hired independent counsel John H. Bogart to represent them in the State Court Action. *Compare* Docket No. 10 at 13 n.4 *with* Exs. A & B to the memorandum in opposition to Movants' motion to dismiss. Stormont Billings, PLLC filed a motion to stay on behalf of the Debtor to point out that the Debtor should be dropped from the State Court Action because of the pending bankruptcy and because no one properly authorized a suit on behalf of the Debtor in state court (a point which Movants would apparently now concede). More importantly, Stormont Billings, PLLC has reached an agreement with the U.S. Trustee that Stormont Billings will seek only to be engaged as of the petition date but may file fee applications claiming work done on the prior case were made in preparation of the filing of this case, subject to any party in interest's rights to object to a fee application provided in section 330(a) of the Bankruptcy Code.

The Debtor's professionals remain disinterested and the objection to the Applications should be overruled.

II. **The Deadline and Turnover Motion and the Inventory Motions Should be Granted.**

At the preliminary hearing on the Debtor's motions, the Minority Members' counsel conceded the entire basis of their consolidated objection was their theory that MES lacked authority to file the bankruptcy petition and that Mr. Bauer somehow remained the manager of the Debtor. For the reasons stated in the memorandum in opposition to the motion to dismiss, this basis lacks support under Utah law and basic logic. Nevertheless, the Debtor will address Movants' arguably waived arguments that do not relate to the question of authority.

In their consolidated objection, Movants also assert that "the release of inventory appears to be designed to enable MES and Schultz to cause the Debtor's assets to be used to fund payments on the promissory note to Firefly, an obligation on which MES is labile and the Debtor is not."

3

Docket No. 13 at 19. Given that the Minority Members rejected the Debtor's proposal to have the inventory released to fulfill pending third-party orders and the proceeds to be escrowed, it is evident that the Minority Members are more interested in destroying any value the Debtor has as a going concern than they are worried about any payments being made to secure the Debtor's interest in the Assets. The Inventory Motion and the Deadline and Turnover Motion should be granted over Movants' objection.[2]

    III.    **Judge Cannell Already Granted the Motion to Stay the State Court Action and the Minority Members Admitted They Lack Authority to Bring their Claims Against MES and Schultz.**

As the Court noted at the preliminary hearing, the Motion to Stay the State Court Action is moot because Judge Cannell already stayed the State Court Action. Nonetheless, it is necessary for the Debtor to rebut the incorrect statements of law and fact claimed in the Movants' consolidated objection.

First, contrary to Movants' assertions, *see* Docket No. 13 at 20, the Minority Members admitted the Debtor is a necessary party to the State Court Action under Utah R. Civ. P. 19. *See* memorandum in opposition to motion to dismiss at Ex. B. Since the Debtor is a necessary party and also an unwanted plaintiff in the State Court Action, no adversary proceeding is necessary to stay the State Court Action.

Second, even if the stay were lifted, the State Court Action cannot proceed until the Minority Members meet their burden demonstrating they had the authority to bring the action. Far from shying away from such a determination, the Debtor argued in the state court that the Minority Members lack authority to bring that action. *See* Docket No. 10-1 at 13-17.

---

[2] By failing to assert it, the Minority Members have waived any claim that the exception found in Fed. R. Bankr. P. 7001(1) does not apply.

Third, whether a bankruptcy court stays a state court proceeding where the debtor's management is a party is governed by whether there is "a unity of interest between the debtor and the threatened third party, an indemnification obligation owing from the former to the latter, or simply the debtor's inevitable, burdensome involvement in the ancillary litigation can justify preemptive injunctive relief." *In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 599 (10th Cir. 1990) (*per curiam*). The Minority Members do not dispute that all three elements of *Western Real Estate Fund* are met here. Therefore, the elements are satisfied.

To the extent it is not moot, the motion to stay the State Court Action should be granted.

## CONCLUSION

Based on the foregoing, and for the reasons stated in the memorandum in opposition to the motion to dismiss, Movants' objections should be overruled and the Debtor's motions and applications should be granted.

RESPECTFULLY SUBMITTED this 11th day of January, 2016

/s/ David P. Billings
CHARLES A. STORMONT
DAVID P. BILLINGS
**STORMONT BILLINGS, PLLC**
*Proposed attorneys for Stove In A Can, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on January 11th, 2016, I caused a true and correct copy of the foregoing **CONSOLIDATED REPLY IN SUPPORT OF DEBTOR'S MOTIONS AND APPLICATIONS: (A) TO EXTEND TIME TO FILE STATEMENTS AND SCHEDULES, (B) DIRECTING TURNOVER OF PROPERTY OF THE ESTATE BY MINORITY MEMBERS, (C) TO STAY THE STATE COURT PROCEEDING, FOR AN ORDER RELEASING INVENTORY, (E) TO RETAIN COUNSEL, AND (F) TO RETAIN ACCOUNTANTS** be served upon all those entitled to receive notice via the Court's ECF system on file with the Clerk of the Court.

- ☐ by **E-mail**
- ☒ by **Electronic Court Filing**
- ☐ by **Facsimile Transmission**
- ☐ by **First Class Mail**
- ☐ by **Hand Delivery**

/s/ David P. Billings